UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KEVIN HILL,** | : | Civil Action No.: 05-4152 (GEB) |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **PTASENSKI, et al.,** | : | MEMORANDUM OPINION |
| | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**HUGHES, U.S.M.J.**

      This matter comes before the Court upon an unopposed Application filed by *pro se* Plaintiff, Kevin Hill ("Plaintiff"), on September 26, 2005, for Appointment of Counsel pursuant to 28 U.S.C. § 1915 [Docket entry # 3]. The Court has reviewed Plaintiff's written submissions and considered the matter pursuant to FED. R. CIV. P. 78. For the reasons set forth below, Plaintiff's Application for Appointment of Counsel is denied.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

      Plaintiff is currently an inmate at East Jersey State Prison, located in Rahway, New Jersey. Defendants are State Correction Officers Ptasenski, Edwards and Fry, and prison administrators. On or about August 23, 2005, Plaintiff, proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey. Plaintiff alleges that State Corrections Officers paid inmate(s) at the prison to attack him and that the Officers then failed to stop the attack. (Pl['s] Compl.¶¶ 4, 6). Plaintiff further contends that the Officers were not properly trained to respond to an emergency situation, and that prison administrators failed to address Plaintiff's written concerns regarding the alleged incident.

(Pl['s] App. ¶ 4, 5)   Plaintiff also claims that he lost his left eye in the attack.  (Pl['s] Compl.¶¶ 4, 6;  Pl['s] App. ¶ 3). Plaintiff is seeking two million dollars in damages.  (Pl['s] Compl.¶ 7).

According to the Complaint, Plaintiff specifically alleges that on August 22, 2003, "Officer Ptasenski paid a [sic] inmate to attack me in the yard." *Id*. at ¶ 6.  Plaintiff further alleges that during the assault, he saw "Officer Edwards and Officer Fry stand at the yard door laughing and they also had other officers standing with them laughing." *Id*.  Plaintiff alleges that about twenty to thirty minutes passed before the Officers broke up the attack. *Id*.  Following the attack, Plaintiff alleges that he wrote to Administrator Hendricks and the Ombudsmen seeking a remedy for the attacks and received no response. *Id*.  Plaintiff then alleges that he wrote to Commissioner Brown who told him to "send [his] problem to the administrator." *Id*.

By Court Order dated September 6, 2005, the District Court granted permission for Plaintiff to proceed *in forma pauperis*.  In that order, the District Court also dismissed Adminsitrator Hendricks and Commissioner Brown from this action, finding that they had no personal involvement in the alleged incident.

In the present unopposed Application before the Court, Plaintiff argues that he is entitled to the appointment of *pro bono* counsel because he does not know "how to proceed without a lawyer." (Pl.['s] App. ¶ 3).  Specifically, Plaintiff claims that he does not know anything about the law and does not have any money to afford an attorney.  *Id*. at ¶¶ 3, 4.

II.     **DISCUSSION**

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson,* 126 F.3d 454, 456-57).  "Indigent civil litigants possess neither a

constitutional nor a statutory right to appointed counsel." *Id*. Nevertheless, the Third Circuit "has interpreted Section 1915 as affording district courts 'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate." *Id.*

The criteria for when counsel should be appointed was first articulated by the Third Circuit in *Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993). As a threshold matter, the Court must evaluate the merits of the plaintiff's claim. *Id.* If the Court determines that the claim does have "arguable merit in fact and law," then additional factors should be considered, including:

> 1. The plaintiff's ability to present his or her own case;
> 2. The difficulty of the particular legal issues;
> 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
> 5. The extent to which a case is likely to turn on credibility determinations, and;
> 6. Whether the case will require testimony from expert witnesses.

*Id.* at 155-57. The Third Circuit "ha[s] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Montgomery,* 294 F.3d at 499 (citations omitted). Furthermore, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.*

For purposes of this Application, the Court shall assume that Plaintiff has satisfied the threshold requirement of presenting a meritorious claim. However, after considering the *Tabron* factors, the Court finds that the concerns raised by Plaintiff do not rise to the level of "special circumstances" that warrant the appointment of counsel. *Id.* at 154-55.

In considering the first factor, the Court must assess the plaintiff's ability to present his or

3

her case.  The Court should consider, "the plaintiff's education, literacy, prior work experience, and prior litigation experience, along with the plaintiff's ability to understand English, and the restraints placed upon a prisoner by confinement."  *Montgomery,* 299 F.3d at 501 (quoting *Tabron,* 6 F.3d at 156); *see also Parham,* 126 F.3d at 459 (cautioning that these factors "are not always determinative," but they "should be considered in each meritorious case.")  In the present case, Plaintiff has demonstrated an ability to file pleadings and motion as directed by the Court. (*See* Court Order [Docket Entry #2]; Pl.['s] App. for Pro Bono Counsel [Docket Entry #3]). Although Plaintiff's submitted papers demonstrate a lack of writing proficiency,  it is clear to the Court, based upon the papers submitted, that Plaintiff has a sufficient understanding of English to communicate his claims and requests for remedies in writing.

In addition, this case involves a straight forward allegation that the Officers paid inmates to attack Plaintiff and that the Officers failed to intervene to stop the alleged attack.  (Pl'[s] Compl.¶¶ 4-6).  As this is the record before the Court, the Court does not find that there are complex discovery rules which would disadvantage the Plaintiff in the present matter. (*See Montgomery,* 294 F.3d at 501-02) (referring to *Parham,* 126 F.3d at 459).  As the Court finds that Plaintiff is capable of preparing his case for trial, this factor weighs against appointing counsel at this time.  Furthermore, the Court may reassess Plaintiff's ability to present his case prior to or during trial and may appoint counsel if necessary at that time.

As for the second factor, the complexity of the legal issues involved, courts have indicated that if either the ultimate legal issue or the presentation of the claim is complex, such a fact weighs in favor of the appointment of counsel.  *Parham*, 126 F.3d at 459; *See also Montgomery,* 294 F.3d at 502.   In the present case, Plaintiff alleges that the Officers paid

4

inmate(s) to attack him and then failed to break up the attack. Although "simplicity in the allegation supporting the claim does not translate into simplicity in the presentation of the claim," *Parham*, 126 F.3d at 459, the current claim relates to a single event that allegedly occurred over a twenty to thirty minute period. (Pl'[s] Compl. ¶ 6). Therefore, the Court cannot find that there is a claim that would raise complex legal issues or issues of presentation that warrants the appointment of counsel.

Regarding the third factor, the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such, "courts should consider a prisoner's inability to gather facts relevant to the proof of his claim." *Montgomery*, 294 F.3d at 503. In the present case, Plaintiff makes allegations against Officers at East Jersey State Prison for an incident that allegedly occurred in one of the prison yards. Therefore, Plaintiff should be able to obtain witness accounts of the incident, and to serve discovery requests upon the Officers identified in the allegations. Also, there is no need for Plaintiff to conduct an extensive factual investigation to demonstrate that Defendant Officers paid inmate(s) to attack Plaintiff, or permitted Plaintiff to be attacked without the Officers intervening. Rather, the Plaintiff may propound simple interrogatories pursuant to Federal Rule of Civil Procedure 33 and make requests for documents under Federal Rule of Civil Procedure 34 seeking information as to the alleged attack. Therefore, this factor does not support appointing counsel to Plaintiff at this time.

The fourth factor, the capacity of the plaintiff to retain counsel, can, in part, be determined by the plaintiff's financial situation. Plaintiff has informed this Court that he is unable to afford counsel but does not state why. (Pl'[s] App. ¶ 4). Nevertheless, the Court is mindful of the fact that Plaintiff appears to have been incarcerated since August 23, 2005, the

time of the alleged assaults, and may be unable to retain counsel.  (*See* Pl'[s] Compl. ¶ 4a).  However, financial difficulties alone are insufficient to independently merit the appointment of counsel.

As for the fifth factor, courts have favored appointment of counsel where there is a dispute as to factual findings or witness credibility,  *See Tabron*, 6 F.3d at 156.  Notwithstanding, the Third Circuit has recognized that every case relies upon credibility.  *Parham*, 126 F.3d at 460.  Thus, "when considering the role of credibility determinations as a factor, 'courts should determine whether the case [will be] solely a swearing contest.'" *Montgomery*, 294 F.3d at 505 (quoting *Parham,* 126 F.3d at 460).  As previously discussed, the issue in this case concerns the Officers' conduct relating to an alleged twenty to thirty minute attack by prison inmates against Plaintiff.  Thus, this case pits Plaintiff's word against the Officers' words. While prison documents could show that an attack occurred, the determinative issue, proving the Officers' conduct, hinges on credibility.  Accordingly, the Court finds that the credibility of witnesses is at issue and therefore, this factor supports appointment of counsel.

Finally, the sixth factor requires courts to ask if the plaintiff would require expert testimony in the presentation of his case, such as in a claim that a plaintiff was denied necessary medical treatment.  (*See Parham*, 126 F.3d at 460, citing *Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir. 1987), where the Court found that "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person.")  By contrast, the present claim does not involve circumstances that would typically require an expert.  Here, Plaintiff must prove the Officers' conduct relating to the alleged attack.  Proving that officers paid one inmate to attack another inmate, or that officers failed to intervene in an altercation

between prisoners, does not involve complex technical or medical issues that could not be determined by a lay person. Accordingly, the Court cannot find that there is a need for experts to determine whether the Officers acted as alleged in the Complaint.

In summary, four of the six *Tabron* factors weigh heavily against appointing counsel. Although Plaintiff cannot afford counsel, financial need alone does not warrant appointment of counsel. Also, while this case hinges on credibility, Plaintiff should be able to conduct initial factual discovery in support of his claim by serving interrogatories and requests for documents upon the Defendants. Moreover, the record before the court indicates that this is a straight forward case relating to a single incident and does not present complex factual or legal issues. Finally, Plaintiff has demonstrated an ability to communicate his claims in English and to follow court instructions in filing pleadings and applications. In consideration of all of these factors, appointment of counsel is unnecessary at this time. Nevertheless, the Court notes that pursuant to 28 U.S.C. § 1915(d), the Court may appoint counsel at any stage of the litigation, up to and including the trial, and appointment may be made *sua sponte*. *Tabron,* 6 F.3d at 157. *Tabron* should not, however, be interpreted to invite repeated applications for the appointment of counsel absent significant change in applicable circumstances mentioned above.

### III.   CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Appointment of Counsel is denied. An appropriate Order accompanies this Memorandum Opinion.


Dated: November 10, 2005