NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN HILL, | : | |
| Plaintiff, | : | Civ. No. 05-4152 (GEB) |
| | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| ROY HENDRICKS, *et al.*, | : | |
| Defendants. | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon Defendants Senior Corrections Officers ("SCOs") Joseph Fry, Michael Ptaszenski, and Michael Edwards' (collectively "Defendants") motion seeking summary judgment of Plaintiff Kevin Hill's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 56. The Court, having considered the parties' submissions and deciding the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will grant Defendants' motion.

**I.     BACKGROUND**

Plaintiff is an inmate currently confined to the South Woods State Prison in Bridgeton, New Jersey ("SWSP"). (Aff. of Carlos Villar ["Villar Aff."], Ex. A at 1). On or about August 23, 2003, Plaintiff was housed at East Jersey State Prison ("EJSP") in the Administrative Close Segregation Unit ("ACSU"). (Aff. of Charles Muller ["Muller Aff."], Ex. A at 1). In his Complaint, Plaintiff alleges that on August 22, 2003, another prisoner named Raymond Sally ("Sally") attacked him

while he was in the prison yard as several corrections officers "stood by and laughed." (Id). Plaintiff alleges that SCO Ptaszenski paid Sally to assault him. (Id.). Plaintiff also alleges that SCOs Fry and Edwards, along with other unnamed corrections officers, stood by the yard door laughing during the assault, and took no action for twenty to thirty minutes. (Compl. at 6). Plaintiff claims that he became "legally blind" in his left eye as a result of the assault. (Muller Aff., Ex. A at 2). Plaintiff's medical records indicate that his vision was 20/50 right eye and 20/80 left eye as of December 19, 2005. (Id.). Plaintiff seeks compensatory damages in the amount of two million dollars. (Compl. at 7).

On August 23, 2005, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 claiming that Defendants failed to protect him from an assault by another inmate.[1] On May 4, 2006, Defendants filed the instant motion seeking summary judgment of Plaintiff's claims. To date, this motion is unopposed.[2]

## II.     DISCUSSION

### A.     Standard of Review for Summary Judgment

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. N.Y. Life Ins. Co., 860 F.2d 1209, 1219 n.3 (3d Cir. 1988), cert.

---

[1]  Plaintiff named two additional Defendants in his Complaint, namely Roy Hendricks and Devon Brown. This Court, however, dismissed Plaintiff's claims against them on September 6, 2005.

[2]  The docket indicates that Defendants served Plaintiff with copies of this motion on May 4, 2006.

2

denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987). In arguing against a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Where a defendant seeks to rely on an affirmative defense as a basis for summary judgment, "[the] defendant must establish the absence of a genuine issue of material fact as to each element of the defense." Harvey v. City of Phila., 253 F. Supp. 2d 827, 829 (E.D. Pa. 2003). "Once the defendant meets this threshold, the burden shifts to the plaintiff to set forth a genuine dispute of material fact as to any element essential to the affirmative defense." Id. "If the plaintiff does so, summary judgment must be denied." Id.

### B. Defendants' Motion for Summary Judgment is Granted Because Plaintiff's Claim is Time-Barred

Plaintiff's § 1983 claim is based on Defendants' alleged failure to protect him from an assault by another inmate. Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under

color of state law.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). See also Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Defendants argue that summary judgment is appropriate because Plaintiff's claims are barred by the statute of limitations.  In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court was faced with the issue of determining the appropriate limitations period for a § 1983 claim.  The Court discussed the settled practice of borrowing the state limitation period, as long as it was consistent with the federal law or policy.  Id. at 266-67.  Additionally, the Court concluded that a claim brought under § 1983 is best characterized as a personal injury action.  Id. at 280.

In New Jersey, the statute governing the statute of limitations for personal injury actions is section 2A:14-2 of the New Jersey Code, which provides a two-year limitations period for all personal injury claims.[3]  The Third Circuit has held that a two-year statute of limitations applies to § 1983 claims.  Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).  Generally, the

---

[3] The New Jersey statute provides: "Every action at law for an injury to the person caused by a wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued . . . ." N.J. STAT. ANN. § 2A:14-2(a) (West 2006).

limitations period begins to run when the cause of action accrues. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). The accrual date is the date on which the plaintiff discovers that he had been injured, rather than the date of the actual injury. Id.

Here, Plaintiff asserts the assault took place on August 22, 2003. (Compl. at 6). However, Plaintiff proffers no evidence to support his allegation that the incident occurred on this date. Rather, the institutional records and results from the Special Investigations Division's ("SID") investigation indicate that Plaintiff and Sally were involved in an altercation on May 5, 2003. (Muller Aff., Ex. A at 2). The record further shows that on May 5, 2003, Plaintiff and Sally received disciplinary charges that were recorded in the NJSP's Unusual Incident Log, (id. at 3), and that Plaintiff underwent medical treatment in the prison's clinic after the fight for various injuries, including a contusion on his left orbital area. (Id. at 4). In contrast, the SID investigation yielded no record of Plaintiff's involvement in an altercation on August 22, 2003. (Id. at 9).

The undisputed evidence establishes that the altercation occurred on May 5, 2003, rather than August 22, 2003 as Plaintiff alleges. Plaintiff fails to adduce any evidence to create a genuine issue of fact with regard to this date. Thus, based on the record before the Court, the statute of limitations was triggered on May 5, 2003 and expired on May 5, 2005. Therefore, Plaintiff's claims which were filed on August 23, 2005 are barred by the two-year statute of limitations. Consequently, Defendants' motion for summary judgment is granted.

    C.    **Plaintiff's Failure to Protect Claim**

Assuming arguendo that Plaintiff's claims are not barred by the statute of limitations, the Court would nonetheless grant summary judgment because there is insufficient evidence in the record to support his failure to protect claim. It is well-settled that "prison officials have a duty . . . to protect

prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation omitted). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828. To establish this claim under the Eighth Amendment, an inmate must allege both an objective and a subjective element. Id. at 834-37. An inmate must show: 1) that "he is incarcerated under conditions posing a substantial risk of serious harm;" and 2) that the defendant prison official acted with deliberate indifference. Id.

With regard to the objective element, conditions pose a substantial risk of serious harm when they deny the inmate one identifiable basic human need or deprive him of minimal civilized measure of life's necessities. Wilson v. Seiter, 501 U.S. 294, 305 (1991). As for the subjective element, the Supreme Court clarified the mental state required to show an official's deliberate indifference in Farmer, 511 U.S. at 838. The Court held that an official shows deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Moreover, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. The Court clarified, however, that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." Id. at 838.

Here, Plaintiff fails to meet his burden of establishing either requirement of his claim. The record is devoid of any evidence that Plaintiff was exposed to a substantial risk of serious harm based on the conditions of his incarceration. Plaintiff's conclusory allegation that an SCO paid another inmate to assault him is clearly insufficient to establish this element. Further, the Court finds nothing in the record, aside from unsubstantiated assertions, that Defendants acted with deliberate

indifference.

In contrast, the evidence of record appears to belie Plaintiff's claims. The undisputed evidence, particularly the SID investigation, reveals that: 1) the prison's medical records do not indicate that Plaintiff lost sight in his left eye (Muller Aff., Ex. A at 6); 2) Defendants Edwards and Ptaszenski were not posted at the location where the fight occurred, but rather at a different location, (id. at 4); 3) Defendants Edwards and Ptaszenski were not part of the initial response team, (id. at 6); 4) both SCOs followed the prison's standards of procedure for responding to inmate disputes once they were alerted (id. at 7); and 5) the SCO response team took action within six minutes after the fight began. (Id.). Morever, the record further indicates that Defendant Fry was not working on the day the altercation occurred.[4] (Id. at 6). Finally, the investigation revealed that none of the SCOs, including Defendant Ptaszenski, paid Sally to attack Plaintiff. (Id. at 7). Consequently, in light of Plaintiff's failure to provide any evidence to support either requirement of his claim, the Court would grant Defendants' motion for summary judgment on this additional basis.

---

[4] Additionally, Defendants argue that Plaintiff's claims against Defendant Fry could be dismissed based on his lack of personal involvement in the incident. This Court agrees. In order for liability to attach in a civil rights action, the official involved must have had personal involvement with the alleged violation. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); Bobko v. Lavan, 157 Fed. Appx. 516, 518 (3d Cir. 2005); Evancho v. Fisher, 423 F.3d 347 (3d Cir. 2005). Here, the record shows that Defendant Fry was not working on the date of the fight, and thus had no personal involvement with the altercation.

## III.  CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment is granted.  An appropriate form of Order is filed herewith.


Date:      July 25, 2006


                                                       s/ Garrett E. Brown, Jr.
                                                   GARRETT E. BROWN, JR., U.S.D.J.